## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

JOAN SIMPSON
50 Maple Avenue
Gettysburg, PA 17325

                      Plaintiff,

                      v.

HOSPITALITY MANAGEMENT CORP.
d/b/a ALTLAND HOUSE OF
ABBOTTSTOWN
35 West Fleet Street
Abbottstown, PA 17301

                      Defendant.

---------------------------------------------------------

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL NO. _____

**JURY TRIAL DEMANDED**

## COMPLAINT – CIVIL ACTION

Plaintiff, Joan Simpson ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Hospitality Management Corp. d/b/a Altland House of Abbottstown ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action to redress violations by Defendant of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").

**PARTIES**

2.      Plaintiff Joan Simpson is a citizen of the United States and Pennsylvania, and currently maintains a residence at 50 Maple Avenue, Gettysburg, PA 17325.

3.      Defendant Hospitality Management Corp. d/b/a Altland House of Abbottstown is a for-profit corporation incorporated in the Commonwealth of Pennsylvania, where it maintains its principal place of business at 35 West Fleet Street, Abbottstown, PA 17301, and a place of business at 1 Center Square, Abbottstown, PA 17301.

4.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of the employment and for Defendant.

**JURISDICTION AND VENUE**

5.      On or about January 18, 2021, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959 (a).  Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2021-01497.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6.      By correspondence dated October 20, 2021, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

7.      Plaintiff filed the instant action within the statutory time frame applicable to her claims.

8.      This is an action authorized and instituted pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

9.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

11.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein and the unlawful practice of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

12.    Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13.    In or around the year 1973, Plaintiff began her employment with Defendant in the position of Server.

14.    Throughout the course of her employment with Defendant, Plaintiff received positive reviews of her performance, occasional praise, and no justifiable discipline.

15.    By way of background, on or about January 2020, Ryan Haugh ("Mr. Haugh") became Defendant's Chief Executive Officer ("CEO"), and is approximately forty-four (44) years of age.

16.    Moreover, in or around March 2020, Defendant closed as a result of the novel coronavirus ("COVID 19") pandemic.

17.    At that time, Plaintiff was advised by Defendant's General Manager, Sarah Moran ("Ms. Moran"), and Defendant's Front House Manager, Christa Jones ("Ms. Jones"), that Plaintiff would be brought back when Defendant's lower area reopened.

18.    By further way of background, Defendant routinely engaged in discriminatory behavior towards its employees.

4

19. By way of example, Plaintiff's husband, who also belongs to a protected class of individuals on the basis of his age, was terminated from employment by Defendant and told the reason for his termination was so that Defendant could replace him with a "younger face."

20. Moreover, Mr. Haugh would frequently remark to customers that Plaintiff and Defendant's previous Bartender, Jean Mumma ("Ms. Mumma"), who also belongs to a protected class of individuals on the basis of her age, were "inherited" from Defendant's previous CEO.

21. Upon information and belief, those remarks were made with discriminatory intent on the basis of age.

22. In or around June 2020, Defendant began providing carry out and outside dining.

23. As a result, Plaintiff went to Defendant and inquired as to whether she would be called back to work and placed on Defendant's schedule.

24. Plaintiff was advised by Defendant that she would not yet be called back to work or placed on Defendant's schedule.

25. On or about October 9, 2020, Defendant reopened its lower area.

26. As previously mentioned, Plaintiff was advised by Ms. Moran and Ms. Jones that Plaintiff would be called back to work upon Defendant opening its lower area.

27. As a result of not being contacted by Defendant regarding her return to work, on or about October 14, 2020, Plaintiff asked Ms. Jones whether she was being placed on Defendant's schedule.

28. In response, Ms. Jones stated, "my god you just had surgery, get over your surgery and then we'll talk about your schedule."

29. By way of background, on or about September 14, 2020, Plaintiff underwent triple bypass surgery.

30. Despite Defendant stating that Plaintiff was not yet being called back to work, on or about October 19, 2020, an available Server position was posted by Defendant.

31. However, each time Plaintiff contacted Defendant and asked whether she was on Defendant's schedule, Plaintiff was advised that she was not.

32. Moreover, upon reopening, Defendant began requiring other servers to work doubles to cover shifts Plaintiff would typically be scheduled to work.

33. On or about November 5, 2020, Plaintiff contacted Ms. Moran via text message, and asked whether Plaintiff was placed on Defendant's schedule.

34. Despite receiving a response from Ms. Moran, Ms. Moran did not advise whether Plaintiff was placed on Defendant's schedule.

35.    Notably, prior to closing in or around March 2020, Defendant employed ten (10) servers, all of whom being significantly younger than Plaintiff and under the age of forty (40).

36.    Plaintiff and one (1) other server who just gave birth, Lisa Brown ("Ms. Brown"), were the only servers of Defendant not to be called back to work upon Defendant's reopening.

37.    In light of the foregoing, it is believed and therefore averred that Plaintiff has not been brought back to work for Defendant on the basis of her age, in violation of the ADEA and the PHRA.

38.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621**, *et seq.*
**<u>DISCRIMINATION</u>**

39.    Paragraphs 1 through 38 are hereby incorporated by reference as though the same were fully set forth at length herein.

40.    Defendant employed at least twenty (20) employees throughout its various office locations at all relevant times material hereto.

7

41.    Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her age, being sixty-nine (69) years old at the time of the unlawful discrimination and, thus, over forty (40) years old.

42.    Specifically, Defendant has refused to rehire Plaintiff and place her back on Defendant's scheduled because of Plaintiff's age.

43.    Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

44.    Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation.

45.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wage, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Liquidated damages;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable federal law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951**, *et seq.*
**AGE DISCRIMINATION**

46.     Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47.     Defendant violated the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her age.

48.     Plaintiff was sixty-nine (69) years old at the time of the unlawful discrimination and, thus, over forty (40) years old.

49.     Specifically, Defendant has refused to rehire Plaintiff and place her back on Defendant's scheduled because of Plaintiff's age.

9

50. Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

51. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than One Hundred and Fifty Thousand Dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances.

E.    Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    */s/ Benjamin Salvina*
Benjamin Salvina, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
bsalvina@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: January 17, 2022

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.